## S. T. ALEXANDER & H. P. BALDWIN *vs.* A. FORNANDER, Tax Collector.

### Assumpsit.   Before McCully, J.

### May, 1882.

On the question of over-valuation by a tax-assessor, a failure to appeal to the Tax Appeal Board leaves the assessment fixed; and the tax-payer cannot obtain a reduction by an action at law.

To tax an irrigation ditch and also the water flowing through it, is double taxation.

### Decision of McCully, J.

The plaintiffs claim herein from the tax-collector of Maui, $316.05, paid under protest on $42,140 assessment, illegally, falsely and doubly assessed.

Excess of assessment is claimed on two items.

1st. Because a certain acreage of kula, or dry and pasture land has been appraised at $10 per acre, whereas it is not worth more than $5.50 per acre, at which value it was returned.

2d. Because an area of land on which sugarcane is grown by the aid of water from "The Haiku Ditch," owned by a Ditch Company, of which plaintiffs are members, is taxed upon the footing of land to which water is appurtenant, while the ditch is separately assessed and taxed, so that there is said to be double taxation.   It is first to be considered if the Court has jurisdiction in these items, or either of them.

In *Castle vs. Luce*, 4 Hawn., 65, the Court entertained the case of a complaint that the plaintiffs, being shareholders in the Haiku plantation, were taxed on the market value of the shares, while the plantation and its material had paid taxes *in solido* upon all the value represented by the stock.   The Court say: "for any defect or irregularity in assessing the taxes, or excess in valuation, the party must appeal to the Appeal Board."

This was claimed by counsel to be *obiter dictum*.   It is stated without reasoning or citation of authorities; but without con-

sidering it *obiter,* the matter may be now examined. In *Bowne vs. City of Boston,* it is held (Bigelow, J.) that the principle is now well settled by the authorities that the sole remedy for over taxation, caused by an excessive valuation of property, or by including in the assessment property of which the person is not the owner, or for which he is not liable to taxation, is by an application to the assessor for an abatement, and there is no remedy by an action at law. This agrees with *Howe vs. Boston,* 7 Cush., 273; *Lincoln vs. Worcester,* 8 Cush., 55.

Judge Cooley, p. 528, of Cooley on Taxation, states the law to be that for a merely excessive or unequal assessment, where no principle of law is violated in making it, and the complaint is of an error of judgment only, the sole remedy is an application for an abatement, either to the assessor or to such statutory board as has been provided for hearing it.

Upon examining the Massachusetts Statute, I find no express provision that there shall be no other remedy, and in this respect our own is the same. Section 9, of the Act of 1860, constituting Tax Appeal Boards, provides that the tax-collector may grant any person disputing the amount of his assessment a certificate of appeal to the Tax Appeal Board of the district. There is no express provision for application to the assessor to abate, but as the determination of the value is a matter of the assessor's judgment, any consideration affecting it may be urged on the assessor before he has closed his roll. There is then an appeal to a board of three other persons, who being of the same district, the Police or District Judge being one, and two who are appointed as knowing the values of property, determine if there has been an over-valuation.

It is conceded by plaintiffs' counsel that there can be no appeal from this board to the Supreme Court, but is is claimed that the provision that the Supreme Court shall have jurisdiction of all cases in law or equity, whether the same be brought before it by original writ, by appeal or otherwise, Civil Code Section 829, and Const. Art. 67, permits the plaintiffs to bring any controversy with a tax-assessor and collector as an action of

law before the Supreme Court. But by the same reasoning an appeal could be taken to this Court from the Tax Appeal Board, there being no exclusive words in the statute; which, correctly, the counsel admits cannot be taken.

On reason and authority other than the opinion expressed in *Castle vs. Luce,* 4 Hawn., 63; and *Widemann vs. Minister of Finance,* 3 Hawn., 789; it is clear that this Court cannot consider the question of over-assessment based on the assessor's judgment of value, and that a failure to appeal to the Tax Board leaves the assessment fixed. So much, therefore, of the plaintiffs' claim as is based on the alleged over-valuation of the Kula or pasture land is disallowed.

The defendants are shareholders in the Hamakua Ditch Company, the tax on which was the subject of litigation in *Haiku Sugar Company vs. Birch,* 4 Hawn., 275, wherein it was held that this was separate property, to be assessed by itself, and not appurtenant to the land of the shareholders. The Ditch Company has been assessed for its property and paid the tax. The defendants use the share of water of the ditch to which their proportional ownership entitles them, being one-fourth upon certain portions of their land. It is not sufficient to irrigate all their land. Mr. Baldwin's testimony is that not to exceed 325 acres may be irrigated out of 940 acres, which are capable of growing cane if irrigated, but which are practically not cane land without means of irrigation. Their share of the ditch water may be applied to such portion of the territory in any year, as they choose, whereby that becomes cane land. The assessor's book shows the following appraisements: 940 acres of sugar land, being 400 acres that is or can be irrigated, at $125 per acre, and 540 acres not irrigated at $30 per acre. For the water which makes any portion irrigated land the plaintiffs have paid one-fourth of the assessment laid on the ditch.

It is contended in argument that the ditch being valued merely at the cost of making it, and of the material used for pipes, aqueducts and flumes, the value of the water has not been

included and taxed. There are two elements of appraisement, one the cost, the other the utilitarian value. A ditch might be made which should be handsomely cut, with architectural spans across valleys, and with ornamental masonry, but which not leading to a full and constant supply of water, would be of little or even of no useful value. The great outlay of construction would have been wasted. On the other hand, a copious stream of water may be led at insignificant expense to where it will produce a great profit. Evidently the cost of procuring the irrigation is not the criterion of the utilitarian value of the water course. But as a ditch is a work for utility, the "cash value" of it, which the law regards, must come to be what it is worth rather than what it cost. If the Hamakua Ditch failed to bring water to the value of $93,000, it would not sell for this amount, the cost of making it. And it will sell for an amount proportionate to its water, that is, its utility in excess of the cost. Substantially, then, the value of the water must be taken to be the value of the ditch, for there is nothing of considerable value that can be moved from its site. A great part of the cost of such a ditch is in excavation and earth work. The pipes and flumes, though costly to place, cannot be coverted into equivalent values when broken up and removed.

If this reasoning is just, it is double taxation to assess the ditch and likewise the distributive shares of the water thereof. The assessor has fixed the value of the ditch at what it cost to make it, and which may be more or less than its cash value. He has also charged the plaintiffs with the value of one-fourth of the water by the amount of the enhancement of 400 irrigable acres from $30 to $125 per acre, which is $38,000, on which the tax is $285.

To this extent I hold that it is duplicate taxation. The case of *Castle vs. Luce* proceeds upon the principle that duplicate taxation will not be sustained when the statute does not clearly impose it. The presumption is against duplicate taxation. Says Judge Cooley, p. 165 of his Treatise on Taxation: "It has very properly and justly been held that a construction of the

laws was not to be adopted that would subject the same property to be twice charged for the same tax, unless it was required by the express words of the statute, or by necessary implication." (With authorities.)

Some testimony was given to the effect that some of the land under cultivation had cost to clear off the cactus and other thicket, a considerable sum in excess of its valuation as possible cane land when watered.

But the facts as to cost and as to the area are not presented with sufficient exactness for determining the effect in this assessment. The Court can only proceed upon the assessment as above cited from the assessor's book; and applying the foregoing principles thereto, I find for the plaintiff in the sum of $285.

Let judgment be entered accordingly.

*W. R. Castle,* for plaintiffs.

*Attorney-General Armstrong,* for defendants.

Honolulu, May 5th, 1882.